**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM CAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JPAY, LLC, FKA JPay, Inc.; et al.,<br><br>Defendants-Appellants. | No.  23-55271<br>        23-55286<br><br>D.C. No.<br>2:21-cv-07401-FLA-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted December 4, 2023
Pasadena, California

Before:  BEA, M. SMITH, and VANDYKE, Circuit Judges.

Appellants, entities constituting three separate financial institutions, appeal

the district court's denial of their motion to compel arbitration.  The district court

had jurisdiction under 28 U.S.C. §§ 1331, 1367.  We have jurisdiction under 9

U.S.C. § 16(a)(1).  Because we assume the parties' familiarity with the facts, we

recount them here only as necessary.  We reverse and direct the district court to

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

order the arbitrators to decide the issue of the arbitration agreement's enforceability.

1.      The district court erred in holding that Appellee, Adam Cain, did not accept Appellants' offer. Appellants made an offer to Cain—the provision of debit card services in exchange for Cain's assent to the Cardholder Agreement—that he had an opportunity to reject by removing all funds from the card or requesting a check. *See Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1229 (9th Cir. 2022) (referring to similar debit card provision as an offer). That Cain did not personally negotiate the Cardholder Agreement does not affect the enforceability of a contract under California law. *See Meyers v. Guarantee Sav. & Loan Assn.*, 144 Cal. Rptr. 616, 619–20 (Cal. App. 1978).

A reasonable person would interpret Cain's conduct as acceptance of Appellants' offer outlined in the Cardholder Agreement, and, as such, as an agreement to arbitrate. *See Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 107 Cal. Rptr. 2d 645, 652 (Cal. App. 2001), *as modified* (June 8, 2001). The district court relied on our decisions in *Brown v. Stored Value Cards, Inc.*, 2022 WL 17844168, at *1 (9th Cir. Dec. 22, 2022) and *Reichert v. Rapid Investments, Inc.*, 56 F.4th 1220 (9th Cir. 2022) in holding otherwise, but both cases are distinguishable. Besides being non-precedential, *Brown* is not applicable because, unlike here, use of the debit card would not manifest assent per the card's

2

own terms.  2022 WL 17844168, at \*2.

Cain's use of his card was also distinct from the plaintiff's in *Reichert* because the latter immediately withdrew "the bulk" of his funds from an ATM to avoid fees, whereas Cain used the card for debit transactions repeatedly and in situations where cash would not work.  *See Reichert*, 56 F.4th at 1224.  The *Reichert* plaintiff had only one way to retrieve his money right away, an ATM withdrawal.  *Id*. at 1229.  Cain had but did not exercise that option.

Finally, although Cain also had to "use" the card in a certain amount of time to avoid fees, the monthly service fee does not alter Cain's assent to the arbitration provision.  The fee schedule states that there is a $3.00 monthly service fee charged "30 days after activation and for each month the card carries a balance." Cain could have avoided the fee by "remov[ing] all funds from the card within 30 days of the activation date," but instead he voluntarily chose to use the card to make a series of debit transactions.  Nor did Appellants charge the monthly service fee until more than a month after Cain's first use of the card.  It is possible that Appellants would charge the fee 30 days after activation only if the cardholder used the Card. And, even if Appellants thought that Cain assented to the arbitration by merely accepting the card, "[t]he existence of mutual assent is determined by objective criteria, not by one party's subjective intent."  *Marin*, 107 Cal. Rptr. 2d at 652.

2.      The Cardholder Agreement contains sufficient consideration.  Although Appellants legally owed Cain the money loaded onto the debit card, Appellants conferred additional benefits on Cain by promising to facilitate purchases at retailers.[1]  *See Bailey v. Breetwor*, 23 Cal.Rptr. 740, 743 (Cal. App. 1962).  Neither Cain's nor Appellants' promises were given gratuitously.  Appellants promised to furnish debit card services in exchange for Cain's agreement to repay the bank from his account, pay fees, arbitrate, and otherwise abide by the Cardholder Agreement.  That Appellants' promise induced Cain's is evidenced by Cain's use of those services, as opposed to withdrawing cash or requesting a check.  *See Prop. California SCJLW One Corp. v. Leamy*, 25 Cal.App.5th 1155, 1165 (2018).

3.      The arbitrator has jurisdiction over any question about the validity of the Cardholder Agreement.  The Cardholder Agreement delegates questions of "enforceability . . . of this Arbitration Provision or the Agreement" to the arbitrator.  Cain's argument about legality is thus properly decided by the arbitrator.  *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010); *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029–30 (9th Cir. 2022); *see Armendariz v. Found. Health Psychcare Servs. Inc.*, 24 Cal.4th 83, 124 (2000).

---

[1] Appellants ask us to take judicial notice of basic background information regarding the use of debit cards, *see* Fed. R. Evid. 201(b) (Courts may take judicial notice of facts "not subject to reasonable dispute.").  Because Cain does not oppose this motion, we do so.

Thus, we direct the district court to order the arbitrator to consider enforceability questions prior to reaching the merits of Cain's case. *See e.g.*, *Winery, Distillery & Allied Workers Union, Loc. 186 v. E & J Gallo Winery, Inc.*, 857 F.2d 1353, 1358 (9th Cir. 1988).

**REVERSED.**